# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CAVNER, | CASE NO. 1:07-cv-00184-OWW-GSA PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT VOSS SHOULD NOT BE DISMISSED |
| v. | |
| ERICA WEINSTEIN, et al., | (Doc. 13) |
| Defendants. | |

Plaintiff Thomas Cavner ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed on February 2, 2007. (Doc. 1.) On May 18, 2007, the Court ordered Plaintiff to provide information to facilitate service of process on Defendants Weinstein and Voss by filling out and submitting to the Court a USM-285 form and a summons for each defendant. (Doc. 8.) Plaintiff submitted the required documents on June 8, 2007, and on July 12, 2007, the Court directed the United States Marshal to initiate service. (Docs. 9, 10.) The Marshal was unable to locate and serve Defendant Voss, and on November 26, 2007, the Marshal returned the USM-285 form to the Court. (Doc. 13.)

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the address provided by Plaintiff for Defendant Voss is no longer accurate, as he is no longer employed at Coalinga State Hospital. (Doc. 13.) If Plaintiff is unable to provide the Marshal with current address at which Defendant Voss can be located, he shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Voss should not be dismissed from the action at this time.[1]

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Voss should not be dismissed from this action; and

///
///
///

---

[1] The Court notes that on the USM-285 form, Plaintiff wrote "(or Successor)" next to Defendant Voss's name. (Doc. 13.) Plaintiff is seeking to impose liability on Defendant Voss for actions taken by Defendant in his personal, or individual, capacity. Kentucky v. Graham, 473 U.S. 159, 165 (1988). Because this is not an official capacity suit, Plaintiff may not substitute the current Executive Director in place of Defendant Voss.

2.      The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Voss from this action, without prejudice.

IT IS SO ORDERED.

Dated:   **July 14, 2008**                      /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE