# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CAVNER, | CASE NO. 1:07-cv-00184-LJO-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED |
| v. | |
| ERICA WEINSTEIN, et al., | (Docs. 19-21) |
| Defendants. | OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

Plaintiff Thomas Cavner ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed February 2, 2007, against Defendants Weinstein and Voss ("Defendants") for failing to provide Plaintiff with adequate medical treatment, in violation of the Due Process Clause.

On August 25, 2008, Defendants filed a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Plaintiff filed an opposition on September 16, 2008.

**I.   Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), and the Court's role in reviewing the complaint for sufficiency is limited, Hydrick v. Hunter, 500 F.3d 978, 985 (9th Cir. 2007). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002);

Fed. R. Civ. P. 8(a). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

**II.     Grounds for Dismissal**

   **A.     Failure to Link Defendants to Constitutional Violation**

Defendants argue that Plaintiff fails to allege any facts supporting a claim that either Defendant personally participated in the deprivation of his rights, and that at most, Plaintiff alleges claims based on supervisory liability, which is not permissible under section 1983.

For claims brought pursuant to section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

"Although there is no pure *respondeat superior* liability under § 1983, a supervisor [may be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or

directed the violations, or knew of the violations and failed to act to prevent them.'" Id. (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Plaintiff alleges that Defendant Weinstein "failed or refused, after repeated complaints by the Plaintiff, to provide any medical attention for documented medical problems that the plaintiff was experiencing . . . ," and Defendant Voss "when approached through the Patient's Rights Advocate, about the plaintiff [sic] medical problems, displayed deliberate indifference by failing to rectify the problem, or to even respond to Complaints submitted for response to the defendant." (Comp., p. 3.) Willful blindness to violations committed by subordinates is a viable theory of liability under section 1983. Hydrick at 988; also Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (citing Moore v. Jackson, 123 F3d 1082, 1087 (8th Cir. 1997)) (administrators are liable for deliberate indifference if they knowingly fail to respond to requests for help). While Plaintiff will ultimately be required to show how Defendants violated his constitutional rights, he need not more specifically delineate at the pleading stage how they contributed to the violation. Hydrick at 988.

Plaintiff has sufficiently pled Defendants had notice of Plaintiff's medical complaints but failed to take any action. Under federal notice pleading standards, that is sufficient to give rise to a claim under section 1983, and the Court therefore recommends denial of Defendants' motion.

**B.     Eleventh Amendment Immunity**

Defendants also argue that Plaintiff's claim for actual or compensatory damages is barred by the Eleventh Amendment.

Defendants are correct that "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, while Plaintiff may not seek money damages from state officials in their official capacities, individual capacity suits are not barred. Hydrick, 500 F.3d at 986-87. Plaintiff specifically pleads claims against Defendants in their individual capacities, which precludes Defendants from entitlement to dismissal on grounds of Eleventh Amendment immunity. (Comp., p. 3.)

///

///

**III.     Conclusion and Recommendation**

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed August 25, 2008, be DENIED, and Defendants be directed to file an answer.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:     **January 15, 2009**                    /s/ **Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE