UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS CAVNER, | ) | 1:07-cv-00184-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER WITHDRAWING MICHAEL V. HAMMANG AS COUNSEL FOR DEFENDANT VOSS |
| v. | ) | |
| | ) | |
| ERICA WEINSTEIN, et al., | ) | ORDER STRIKING DEFENDANT VOSS'S MOTION TO DISMISS FROM COURT'S RECORD |
| | ) | |
| Defendants. | ) | (Doc. 19.) |
| | ) | |
| | ) | ORDER VACATING ORDER REQUIRING DEFENDANT VOSS TO FILE ANSWER |
| | ) | |
| | ) | (Doc. 46.) |

**I.   BACKGROUND**

Thomas Cavner ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 2, 2007. (Doc. 1.) The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and on June 7, 2010, the case was reassigned to the undersigned to conduct any and all further proceedings in the case, including trial and entry of final judgment. (Docs. 35, 39, 40.) This case now proceeds on Plaintiff's original complaint, against Defendants Erica Weinstein and Thomas Voss ("Defendants"), for failing to provide Plaintiff with adequate medical treatment, in violation of

1

the Eighth Amendment.

On August 25, 2008, Defendant Voss appeared in this action via a motion to dismiss which was denied on February 18, 2009. (Docs. 19, 29.) Defendant Voss has not filed an answer to the complaint. On November 10, 2010, the Court issued an order requiring Defendant Voss to file an answer to the complaint. (Doc. 46.) On January 21, 2011, Deputy Attorney General Michael V. Hammang ("Hammang"), counsel of record for Defendant Voss, filed a declaration indicating that he is unable to file an answer on Defendant Voss's behalf. Hammang has requested direction from the Court to solve this procedural issue. The Court finds good cause to withdraw Hammang as counsel for Defendant Voss.

## II. WITHDRAWAL AS COUNSEL

An attorney who has appeared on behalf of a party in an action may not withdraw leaving the client in propria persona without leave of court. Local Rule 182.

Hammang appeared as attorney of record for Defendant Voss on August 25, 2008 via a motion to dismiss filed by Defendants Weinstein and Voss. (Doc. 19.) Hammang now states that he improperly included reference to Defendant Voss when he filed the motion to dismiss. (Decl. of Hammang, Doc. 49 at p. 2.) Hammang states that Defendant Voss had not been served, had not participated in this litigation, and should not have been included in Defendant Weinstein's motion to dismiss. (Id.) Hammang also provides evidence that he has recently made considerable inquiry attempting to locate Defendant Voss, without success. (Id. at p. 2-3.) Hammang has no directive from his client, the Department of Mental Health, to answer on Defendant Voss's behalf, and he has no other information of Defendant Voss's whereabouts. (Id. at 3.)

The Court's record has no evidence that Defendant Voss was served with process. On July 12, 2007, the Court issued an order directing the United States Marshal to serve process upon Defendants Weinstein and Voss. (Doc. 10.) On November 27, 2007, a Return of Service unexecuted as to Defendant Voss was filed by the Marshal, indicating that Defendant Voss was no longer employed at PVSP and his name was not found in the California Department of Correction's database. (Doc. 13.) On July 15, 2008, the Court issued an order for Plaintiff to show cause why

2

1 Defendant Voss should not be dismissed from this action for failure to serve process. (Doc. 17.) On
2 August 26, 2008, based on Defendant Voss's appearance in the motion to dismiss on August 25,
3 2008, the Court vacated its order to show cause. (Doc. 23.) The Court has not directed the Marshal
4 to attempt further service upon Defendant Voss, and Defendant Voss has not otherwise appeared in
5 this action.

6       The Court finds that Hammang has shown good cause for his withdrawal as counsel for
7 Defendant Voss. Hammang has provided evidence that he does not have the authority to represent
8 Defendant Voss and mistakenly made an appearance in this action on Voss's behalf. The Court finds
9 that Defendant Voss will be prejudiced if Hammang is not allowed to withdraw, because Defendant
10 Voss was never served with the lawsuit, never requested representation, and cannot be located to
11 respond to any court orders. Therefore, good cause appearing, the Court shall order Michael V.
12 Hammang withdrawn as counsel for Defendant Voss. In addition, Defendant Voss's motion to
13 dismiss shall be stricken from the Court's record.

14 **III.   CONCLUSION**

15       Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that:

16     1.   Deputy Attorney General Michael V. Hammang is WITHDRAWN as counsel for
17         Defendant Voss;
18     2.   Defendant Voss's motion to dismiss, filed on August 25, 2008, is STRICKEN from
19         the Court's record;
20     3.   The Court's order entered on November 10, 2010, which ordered Defendant Voss to
21         file an answer to the complaint, is VACATED; and
22     4.   The Clerk is DIRECTED to indicate on the Court's record that only Defendant Voss's
23         motion to dismiss of August 25, 2008 is stricken, and Defendant Weinstein's motion
24         to dismiss of August 25, 2008 is not stricken.

25

26   IT IS SO ORDERED.

27   **Dated:   January 25, 2011**         **/s/ Gary S. Austin**

28                 3

UNITED STATES MAGISTRATE JUDGE

4