1

2

3 # UNITED STATES DISTRICT COURT

4 EASTERN DISTRICT OF CALIFORNIA

5

6 THOMAS CAVNER,                              1:07-cv-00184-GSA PC

7                        Plaintiff,          ORDER REQUIRING PLAINTIFF TO SHOW
                                             CAUSE WHY DEFENDANT VOSS SHOULD
8            v.                              NOT BE DISMISSED
                                             (Doc. 13)
9 ERICA WEINSTEIN, et al.,
                                             THIRTY DAY DEADLINE
10                       Defendants.
                                  /
11

12        Plaintiff Thomas Cavner ("Plaintiff") is a civil detainee proceeding pro se and in forma

13 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

14 Plaintiff's complaint, filed on February 2, 2007.  (Doc. 1.)  On May 18, 2007, the Court ordered

15 Plaintiff to provide information to facilitate service of process on Defendants Weinstein and Voss

16 by filling out and submitting to the Court a USM-285 form and a summons for each defendant.

17 (Doc. 8.)  Plaintiff submitted the required documents on June 8, 2007, and on July 12, 2007, the

18 Court directed the United States Marshal to initiate service.  (Docs. 9, 10.)  The Marshal was unable

19 to locate and serve Defendant Voss, and on November 26, 2007, the Marshal returned the USM-285

20 form to the Court.  (Doc. 13.)

21        Pursuant to Rule 4(m),

22        [i]f service of the summons and complaint is not made upon a defendant within 120
          days after the filing of the complaint, the court, upon motion or on its own initiative
23        after notice to the plaintiff, shall dismiss the action without prejudice as to that
          defendant or direct that service be effected within a specified time; provided that if
24        the plaintiff shows good cause for the failure, the court shall extend the time for
          service for an appropriate period.
25
Fed. R. Civ. P. 4(m).
26
          In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon
27
order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(2).  "'[A]n
28

1

1  incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for

2  service of the summons and complaint and ... should not be penalized by having his action dismissed

3  for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his

4  duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912

5  F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472

6  (1995). "So long as the prisoner has furnished the information necessary to identify the defendant,

7  the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422

8  (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro se

9  plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the

10  summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate.

11  Walker, 14 F.3d at 1421-22.

12          In this instance, the address provided by Plaintiff for Defendant Voss is no longer accurate,

13  as he is no longer employed at Coalinga State Hospital.  (Doc. 13.)  If Plaintiff is unable to provide

14  the Marshal with current address at which Defendant Voss can be located, he shall be dismissed from

15  the action, without prejudice.  Pursuant to Rule 4(m), the Court will provide Plaintiff with the

16  opportunity to show cause why Defendant Voss should not be dismissed from the action at this time.[1]

17          Accordingly, based on the foregoing, it is HEREBY ORDERED that:

18      1.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall show

19              cause why Defendant Voss should not be dismissed from this action; and

20      2.      The failure to respond to this order or the failure to show cause will result in the

21              dismissal of Defendant Voss from this action, without prejudice.

23      IT IS SO ORDERED.

24  **Dated:    January 25, 2011**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

---

27  [1] The Court notes that on the USM-285 form, Plaintiff wrote "(or Successor)" next to Defendant Voss's
28  name. (Doc. 13.) Plaintiff is seeking to impose liability on Defendant Voss for actions taken by Defendant in his
personal, or individual, capacity. Kentucky v. Graham, 473 U.S. 159, 165 (1988). Because this is not an official
capacity suit, Plaintiff may not substitute the current Executive Director in place of Defendant Voss.